514 So.2d 1164 (1987)
POGO PRODUCING COMPANY
v.
UNITED GAS PIPE LINE COMPANY.
No. 87-C-1945.
Supreme Court of Louisiana.
November 16, 1987.
PER CURIAM.
The application is denied.
The decision of the court of appeal, which simply upholds the trial court's denial of a preliminary injunction, contemplates a future trial on the merits of the demand for a final injunction and the demand by amended petition for specific performance. The intermediate court's rejection of Pogo's appeal "solely on the issue of irreparable harm" did not decide the demands for a final mandatory injunction and for specific performance, since those demands have not yet been tried.
DIXON, C.J., and CALOGERO, J., would grant the writ.
DENNIS, J., would grant and assigns reasons.
DENNIS, Justice, assigning reasons for granting.
The trial court erred manifestly in finding that the plaintiff will not be irreparably injured by the defendant's refusal to perform the contract. The plaintiff proved that the severe continuing damage to its reserves can only be assessed, if at all, by highly speculative methods in the distant future after the wells are exhausted. Even then, the imprecision of such estimates will render any damage award suspect. See Pogo Producing v. United Gas, 493 So.2d 909 (La.App. 3d Cir.1986).
Moreover, I would grant the writ to consider whether there is warrant in the record and a basis in law for determining whether plaintiff is entitled to the substantive right of specific performance that it seeks. Although plaintiff sought to employ the procedural device of injunction, the underlying substantive right of specific performance of a contract it asserted does not require proof of irreparrable damage for its enforcement. Because the parties in fact have thoroughly tried all of the factual issues relevant to the ultimate question of specific performance, the ends of justice will not be served by requiring them to relitigate the issue again.